## No. 6611.

### ANN E. GREEN, EX., VS. ANNA CONERY.

Where the title of the plaintiff in injunction is simulated, the real title being in the party who has provoked the sale, the injunction will be dissolved, and the sale will be proceeded with to restore the apparent title to the real owner.

Damages will be allowed, in the decree dissolving an injunction, only when the execution of a judgment for money has been suspended by the writ.

*Contra:*

An order of seizure and sale is a judgment for money *in rem*, though not *in personam*, and damages can be inflicted upon the dissolution of an injunction which suspended that writ, as well as where the execution of a moneyed judgment proper is injoined. The damages resulting from an injunction, staying the sale of mortgaged property, demand as prompt recognition as those resulting from an injunction of sales of property not mortgaged, and if there be any difference, the creditor who has a mortgage should be more favored. SPENCER, J., and MANNING, C. J., dissenting.

APPEAL from the Fourth District Court of New Orleans. HOUSTON, J.

*Hornor & Benedict, Baker, Tissot,* and *Lancaster* for Plaintiff. *Cutler, Alexander,* and *Steele* for Defendant Appellant.

Anna Conery mortgaged the property, the sale of which is injoined, to Thomas Dwyer ostensibly to secure two notes of $4,000 each. In fact she owed nothing to Dwyer, the notes and mortgage having been given for the convenience of F. M. Fisk. After Fisk's death, the plaintiff who is his executrix, obtained executory process to foreclose the mortgage, the notes having come in her possession. Anna Conery opposed and injoined the sale on the ground that the notes were without consideration, and had not been on the market, but remained in her possession until the plaintiff obtained them by fraud.

The plaintiff in reply avers that the property really belonged to Fisk, that he had put the title in Miss Conery to baffle the pursuit of his creditors, and took the notes and mortgage to protect himself against her.

The testimony was very copious and conflicting. After reciting the most of it with particularity, the conclusion of the court is summed up by

DE BLANC, J. In not a line of the three transcripts submitted to our consideration, have we found the least trace of a fixed intention

on the part of the deceased to give either the property or the notes to the plaintiff in injunction — we think it just to leave said notes where they have been left, not through inadvertence or carelessness, but with the consent of Miss Conery and by the will of Fisk.

They have passed into the possession of the heirs of the latter, and the trial has disclosed no fact, raised no presumption which would justify us in wresting them from their possession.

In only one respect the judgment of the lower court is incorrect.

The injunction, in this case, was granted under articles 739 and 740 of the Code of Practice, and no damages should have been allowed against the plaintiff in said injunction. C. P. 740. 19 A. 181. 15 L. 101.

Since nearly forty years this court has made a distinction between the injunctions granted under articles 739 and 740, and those granted on bond and security.

In regard to the former, it said and repeated that the law of 1831 is not applicable to them. The Code of Practice provides "that the plaintiff against whom an injunction has been obtained under Articles 739 and 740, may compel the defendant to prove, in a *summary manner*, before the judge, the truth of the facts alleged in his opposition," and, if he fails to do so, that code expressly directs the nature and extent of the decree to be rendered: "The judge shall dissolve the injunction he had granted, and the sale of the property shall proceed, etc." C. P. 741, 743. 15 L. 101. 4 A. 19 A. 181.

The distinction itself may be unreasonable, in as much as — to a certain extent — the order of seizure and sale can be considered as a moneyed judgment — and we adhere to the construction placed upon it by our predecessors. 20 A., p. 634.

It is, therefore, ordered, adjudged and decreed that, in so far as it condemns Anna Conery to pay ten per cent damages to the executrix of the succession of Fisk, the judgment of the lower court is amended and said damages disallowed, and as thus amended is affirmed.

MARR, J. I do not think that damages can be awarded on the dissolution of an injunction arresting the sale of mortgaged property *via executiva*, for the causes specified in Art. 739 of the Code of Practice.

My opinion is in no manner controlled or influenced by the fact

*Green vs. Conery.*

that this injunction issues without bond or security; but it rests on grounds which, to my mind, are more satisfactory and conclusive.

It is well settled that damages cannot be allowed on the dissolution of any other injunction than one which arrests the execution of a money judgment, that is, a judgment which condemns the defendant to pay a specific sum of money.

Manifestly, the order, " Let executory process issue as prayed for, and according to law," is not a money judgment. It does no more than to authorize and require the sale of the mortgaged property, and the application of the proceeds, sufficient or not, to the payment of the mortgaged debt.

If the proceeds are not sufficient, the mortgagee is obliged to bring a new suit *in personam*, to recover the balance and to reach and subject any other property of the mortgagor.

The order of seizure and sale " is not a judgment in the true and legal sense of the term, and possesses none of its features. It decides on no issue made up between the parties, nor does it adjudicate to the party obtaining it any right in addition to those secured by his notarial contract." Harrod *v.* Voorhies, 16 L. 256; Riley *v.* Christie, 13 A. 256.

Whether this order is arrested for any of the causes specified in the C. P., Art. 739, without bond, or under other provisions of the law, on bond and security, damages cannot be awarded on the dissolution of the injunction, because the order injoined is not a judgment for a sum of money.

If the injunction has caused damage to the mortgagor, he must seek reparation by suit, in the one case against the mortgagor alone, in the other against the mortgagor and his surety on the injunction bond.

I concur, therefore, in the decree pronounced by Mr. Justice DE BLANC.

EGAN, J. The statute, which authorizes the infliction of damages without proof of actual damage in case of dissolution of injunctions sued out in the ordinary mode, and under the general provisions of law on the subject of injunctions obtainable upon the giving of bond and security, and which authorizes judgment at the same time against both principal and surety, is highly penal in its character, and cannot be extended to other cases than those specifically provided for.

Hence, it has been often held that it is inapplicable to injunctions other than those restraining the execution of judgments decreeing the payment of money. The injunction against an order of seizure and sale without bond or security is under another and different statute, and was evidently intended to allow the suing out of injunctions against the summary proceedings by executory process under more favorable conditions to the debtor. The latter statute makes no such provision for awarding damages, as a matter of course, and in the same judgment as in case of injunction of ordinary personal money judgments, and hence, they are not recoverable in the same manner.

Again, the executory process is directly, purely, and only against the mortgaged property and effects, and can have effect against no other property of the debtor, nor *in personam.*

The opposition is no new case, but only an answer in that form, permitted by the statute to the demand of plaintiff, which is still the same, and in the same form, and who has no other or greater rights than thus summarily to provoke the sale of the mortgaged property. The *quasi* judgment is based purely upon authentic evidence from which alone the rights of the creditor to this extraordinary mode of proceeding against the property of his debtor spring.

Even when on injunction by way of opposition or on appeal, the judgment is in favor of the creditor's right, it is not personal against the debtor, but only operates against the particular mortgaged property.

It is only when by a change in the pleadings, the action is converted into one *via ordinaria,* and the executory proceeding abandoned that a personal judgment is possible or permissible under the law.

When this is not done, and the proceeding is purely executory, it would be as inappropriate and anomalous to award damages against the debtor personally, as it would be to award the debt itself.

In other words, the *only effect* of executory process being against specific property, and that only demandable on the production of authentic evidence, which cannot be changed and to which nothing can be added by parol or otherwise, no other or greater right than that warranted by the act of hypothecation alone can be so asserted.

If the plaintiff seeks either debt or damages *in personam,* it must be in the ordinary form.

I concur in the decree.

Green *vs.* Conery.

Dissenting opinion.

SPENCER, J.    I concur in the decree in this case, except in so far as it refuses damages and interest.    I think that the reasoning and the authority relied upon are unsatisfactory.

The proposition is that when an order of seizure and sale is injoined *without bond* under Arts. 739 and 740 C. P., no damages or interest can be allowed on the dissolution, under Arts. 304 C. P., which is in substance a reproduction of the third section of Act of March 25, 1831, p. 102, and of third section of Act March 29, 1833, p. 93.

This Art. 304 provides in substance that when *a judgment for money* is injoined, whether by the debtor or a third person, the court shall, if the injunction be dissolved, condemn principal and surety on the bond to pay damages and interest, and that the surety shall be considered a party to the suit.    The case of " Dashiell *v.* Lesassier," 15 L. 101, is cited as authority to sustain the proposition. That was a case where Lesassier, having obtained judgment against his tutor, *with recognition of legal mortgage*, " obtained an order of seizure and sale against the plaintiff as third possessor of certain real property and slaves formerly owned by his tutor," and in possession of Dashiell.    It was not a case, *technically* of seizure and sale.    It clearly appears to have been an injunction against " an hypothecary action," as will appear by the opinion in the case, where the court speaks of it as " only incidental to the principal hypothecary action," and by the further fact that it was a *legal* mortgage he sought to enforce.    The court say that Dashiell " made opposition *to the issuing* of said order of seizure and sale, under Arts. 739 and 740," and obtained an injunction to stay proceedings without bond ; which, in my opinion, he could not have done, had it been technically an order of seizure under a judgment ; for Arts. 748, 749, and 750 C. P. say that in such case the plaintiff in injunction *must give bond*.

The proceeding injoined was manifestly one brought under Art. 68 and 69 C. P., providing the mode of proceeding against third possessors — whereby it is provided that after certain notices and delays, " the creditor may bring his action against the third possessor of the hypothecated property."

Dashiell opposed and injoined this proceeding.    Under that view of the case, I think it is correct, for he was not injoining, strictly

speaking, the execution of a money judgment, but proceeding preliminary to that execution.

The case was not then, as the court properly held, within the terms of the third section of said act of 1831.

I do not, therefore, consider the case cited as satisfactory authority for the proposition maintained by the majority of this court. Nor do I think that proposition maintainable on the authority of the Code, or of reason. It is conceded that in any case injoining a money judgment, *when the plaintiff gives bond*, the damages may be inflicted on its dissolution. The purpose of the act of 1831 is manifest to my mind. It was, whenever a money judgment is wrongfully injoined, to inflict damages summarily, and to make the infliction more prompt and certain, it declared that the surety on the bond should be considered a party to the suit, and should be condemned solidarily with the principal and deprived of the right of discussion. Now, what reason is there to say that when one injoins a money judgment *without a bond*, he is not liable to the damages prescribed by that act?

I should say, his having wrongfully obtained the injunction *without bond*, was only a stronger reason for applying the statute.

The only rational ground upon which the proposition advanced can be maintained is, that an order of the judge directing the seizure and sale of specific property to pay a specific debt, is not a money judgment within the meaning of Art. 304 C. P.

It certainly is not a judgment for money *in personam*, but it certainly is one *in rem*, and the Art. 304 does not limit itself to one or the other sort of judgments, but says "on the amount of the judgment" injoined.

And why should *we* make a distinction when the law makes none, and when reason demands none? The damages resulting from an injunction staying the sale of the mortgaged property, demand as much recognition as those resulting from the injunction of sales of property not mortgaged.

Indeed the special mortgage creditor, whose right to sell specific property for a specific debt is fixed by authentic proof and by judicial decree, should, it would seem, not be less favored than a creditor seeking to execute an ordinary *fieri facias*, and I think the uniform practice of all the courts of this State has been to so regard the question.

But according to the proposition we combat, he has no right to damages against the wrong-doer, and why not?   Because the wrong-doer gave no bond for damages ! !

Certainly this is a very unsatisfactory reason.   This court has always held that an order of seizure and sale was a judgment *quoad* the property mortgaged, and that it could be appealed from.

We have always held that to suspend its execution by appeal, bond must be given for one-half more than the debt, under Art. 575, C. P., providing *for appeals from judgments*.

I therefore dissent from the decree to the extent stated.

MANNING, C. J., concurs with Mr. Justice Spencer.